**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RONALD KERR AND | : | |
| DOROTHY KERR, h/w | : | |
| | : | CIVIL ACTION NO. |
| *Plaintiffs* | : | |
| v. | : | |
| | : | |
| | : | |
| SANDALS RESORTS INTERNATIONAL | : | |
| LIMITED | : | |
| and | : | |
| UNIQUE VACATIONS, INC. | : | |
| and | : | |
| UNIQUE VACATIONS, LTD. | : | |
| And | : | |
| UNIQUE TRAVEL CORP. | : | |
| *Defendants* | : | **ARBITRATION CASE** |

**CIVIL ACTION COMPLAINT**

**I.   PARTIES**

1. Plaintiffs, Ronald Kerr and Dorothy Kerr, h/w, are adult individuals and citizens of the Commonwealth of Pennsylvania, residing therein at 301 Hollow Branch Lane, Yardley Pennsylvania 19067.

2. Defendant, Sandals Resort International, (hereinafter Sandals International) was and is now a business entity, believed to be a corporation, organized and existing under the laws of Jamaica, with corporate headquarters and principal place of business located at 5 Kent Avenue, Montego Bay, St. James, Jamaica.

3. Defendant, Unique Travel Corp. was and is now a business entity, believed to be a corporation, organized and existing under the laws of the Republic of Panama, with its principal place of business located at Calle Aquilino De Guardia, No. 8, Panama, Republic of Panama.

1

4. Defendant, Unique Vacations, Ltd., was and is now a business entity, believed to be a corporation, organized and existing under the laws of the Bahamas, with its principal place of business located at Gillingham House, East Bay Street, P.O. CR 56766, Nassau, Bahamas.

5. Defendant, Unique Vacations, Inc., is upon information and belief is the United States affiliate of Unique Vacations, Ltd., and is organized and existing under the laws of the State of Florida, with corporate headquarters and principal place of business located at 4950 SW 72nd Avenue, Miami, Florida, 33155.

## II.   JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court by virtue of 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars exclusive of interest and costs and there is complete diversity of the citizenship of the parties.

7. Upon information and belief Unique Travel Corp, a Panamanian corporation, is the worldwide representative for Sandals International and handles Sandals International's sales, marketing, creative services and web traffic and serves as Sandals International's representative.

8. Upon information and belief Unique Vacations, Ltd., a Bahamian company, is an affiliate of Unique Travel Corp. and contracts United States-based services such as marketing to Unique Vacations, Inc., based in Florida.

9. Upon information and belief, the Unique Vacation defendants market and take reservations for Sandals International products in Pennsylvania and employ a business manager in Pennsylvania.

10. Upon information and belief, Sandals International holds out Unique Vacations to the public that Unique Vacations is Sandals International's worldwide representative and/or alter ego.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the within claims occurred within the District.

### III. STATEMENT OF CLAIMS

12. At all times relevant hereto, Defendant, Sandals Resorts International Limited, acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

13. At all times relevant hereto, Defendant, Unique Travel Corp, acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

14. At all times relevant hereto, Defendant, Unique Vacations Ltd., acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

15. At all times relevant hereto, Defendant, Unique Vacations Inc., acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

16. At all times material herein, Defendants, by and through their trustees, directors, agents, servants, workmen, employees and/or other representatives, owned, operated, controlled, leased, inspected, possessed, managed and/or maintained the premises located at Pigeon Island Gros Islet, St Lucia, also known as Sandals Grande St. Lucian.

17. On or about June 5, 2022, and for a long time prior thereto, it was the duty of the Defendants, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the aforesaid premises located at Pigeon Island Gros

Islet, St Lucia, also known as Sandals Grande St. Lucian in a reasonably safe condition for persons lawfully upon the premises, such as Plaintiff, Ronald Kerr.

18. On or about March 20, 2022, Plaintiffs, Ronald and Dorothy Kerr entered into a contract in the Eastern District of Pennsylvania with the Defendants whereby they purchased, through Defendant Unique Travel Corp, a vacation package from the Defendants for an all-inclusive vacation from June 4, 2022 until June 11, 2022 at the Defendants' Sandals Grande St. Lucian resort.

19. On or about June 5, 2022, Plaintiff Ronald Kerr was an invitee at the Defendant's aforesaid premises located at Pigeon Island Gros Islet, St Lucia, also known as Sandals Grande St. Lucian.

**COUNT I**
**RONALD KERR v. ALL DEFENDANTS**
**NEGLIGENCE – PREMISES LIABILITY**

20. Plaintiff hereby incorporates by reference paragraphs one (1) through nineteen (19) of the within Complaint as though the same were fully set forth at length herein.

21. On or about June 5, 2022, Plaintiff, Ronald Kerr, was lawfully on the aforesaid premises located at Pigeon Island Gros Islet, St Lucia. Plaintiff was walking down the main set of stairs from the lobby and slipped on unmarked wet steps. He was holding on to a banister for support, when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition of the premises, the banister Plaintiff was holding onto snapped, thereby causing him to fall and sustain various severe and permanent bodily injuries and losses as more fully set forth below.

22. The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendants, by and through their agents, servants,

workmen, employees and/or other representatives acting within the course and scope of the employment, agency and/or service for the same, generally and in the following particular respects:

    (a)    carelessly and negligently allowing the aforesaid premises to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff, more specifically failing to timely repair or remove the banister that posed a falling hazard;

    (b)    carelessly and negligently allowing the aforesaid premises to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff, more specifically allowing slippery water to remain on the premises in such a hazardous condition;

    (c)    carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

    (d)    carelessly and negligently failing to recognize the banister that existed in a dangerous condition on Defendant's aforesaid premises, which caused Plaintiff's fall, and to timely remedy same;

    (e)    carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the Defendant's premises;

    (f)    failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

    (g)    failing to adequately and timely repair defects to the aforesaid premises;

    (h)    failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

    (i)    failing to warn people lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition; and

    (j)    otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to travel.

23.    Plaintiff, Ronald Kerr, in no manner contributed to his own injuries, which were the direct and proximate result of the Defendants' own negligence and/or carelessness.

24. As a result of the aforesaid negligence of the Defendants, Plaintiff, Ronald Kerr, suffered severe injuries, including, but not limited to, concussion, post concussive syndrome, cervical sprain, lumbar sprain, lacerations to his right arm, tinnitus, sprain and strain in right shoulder, as well as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

25. As a result of the aforesaid negligence of the Defendants, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

26. As a further result of the aforesaid accident, Plaintiff, Ronald Kerr, has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

27. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

28. As a further result of the aforesaid negligence of the Defendants, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

29. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

30. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Ronald Kerr, demands judgment for compensatory damages in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00) jointly and/or separately against the Defendants, together with costs of suit, and other, further, and different relief as the court may deem just and proper.

## COUNT II
## DOROTHY KERR v. ALL DEFENDANTS
## LOSS OF CONSORTIUM

31. Plaintiff hereby incorporates by reference paragraphs one (1) through thirty (30) of the within Complaint as though the same were fully set forth at length herein.

32. As a further result of the incident described herein, Plaintiff, Dorothy Kerr, has suffered the loss of earnings, society, consortium and services of her husband, Plaintiff Ronald Kerr, to which she is legally entitled

33. As a further result of the incident described herein, Plaintiff, Dorothy Kerr, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which her husband has suffered by reason of the Defendants' negligence, and she may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Dorothy Kerr, demands judgment against Defendants, jointly and/or separately, in amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

Respectfully,

**SWARTZ CULLETON PC**

By: /s/ Brandon A. Swartz

                                              Brandon A. Swartz, Esquire
Matthew J. McElvenny, Esquire
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557
*Attorneys for Plaintiffs*,
Ronald Kerr and Dorothy Kerr, h/w

Date: May 17, 2023

## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

*Ronald K[signature]*